IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

IDEARC MEDIA LLC,
  Plaintiff

  v.

AALEGHER TERMITE & PEST
CONTROL, INC., et al.,
  Defendants

CIVIL ACTION

NO. 09-1940

FILED
JAN 20 2010
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

January __, 2010                Anita B. Brody, J.

## EXPLANATION

On May 5, 2009, Plaintiff Idearc Media LLC ("Idearc") filed this action against Defendants Aalegher Termite & Pest Control, Inc. ("Aalegher") and Brad Cohen ("Cohen") seeking to recover unpaid advertising fees. Defendants waived service and stipulated with Idearc to extend their time to answer through July 20, 2009. On August 10, 2009, after Defendants failed to answer the Complaint, I issued an Order to Show Cause why default should not be entered against them. Defendants failed to comply with my Order. On September 4, 2009, the Clerk of the Court entered default for failure to appear, plead, or otherwise defend. On November 2, 2009, Idearc filed a motion for default judgment. Defendants timely responded to the motion for default judgment and filed a cross-motion to vacate default.

In deciding a motion to vacate default, a court must consider "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the

1

effectiveness of alternative sanctions." Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987). Defaults are disfavored and "in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983). Defaults may be set aside for less substantial grounds than would be required to open a default judgment. Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656 (3d Cir. 1982)

First, I consider whether lifting the default would prejudice Idearc. Aside from the costs incurred in litigating the motions for default and default judgment, Idearc has failed to identify any prejudice it will suffer from setting aside the default. See id. at 657 (finding no prejudice where the pertinent party "has not asserted loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment").

Second, I examine whether Defendants have a prima facie meritorious defense. A meritorious defense is established when the allegations in the defendant's answer, if taken as true, constitute a complete defense to the action. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). Among other defenses, Defendants deny Idearc's allegations regarding the relationship between Idearc and its alleged predecessor, Verizon Directories Corp. ("VZDC").[1] (Answer ¶ 1). Thus, they deny that they entered into any contracts with Idearc (Answer ¶ 16) and contend that Idearc lacks standing to seek recovery of the alleged unpaid fees (Answer, Affirmative Defenses ¶¶ 8, 9). Additionally, Defendant Brad Cohen denies that he has any personal liability for the actions of Aalegher, AAA Nationwide, or Nation-Wide Termite &

---

[1] VZDC is the entity that allegedly published the advertising and the party with whom Defendants allegedly had a relationship.

2

Pest Control, the three entities that allegedly owe advertising fees to Ideare. (Answer ¶¶ 4, 5). If the allegations in Defendants' Answer are taken as true, they constitute a complete defense to this action.

Third, I examine whether Defendants' failure to answer the complaint is excusable or culpable. Culpable conduct is action "taken willfully or in bad faith." Gross, 700 F.2d at 124. "Appropriate application of the culpable conduct standard requires that as a threshold matter more than mere negligence be demonstrated." Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984). Although I cannot condone Defendants' delay, they retained counsel on November 10, 2009 and timely responded to the Motion for Default Judgment on November 23, 2009. Further, Defendants engaged in settlement negotiations with Plaintiff's counsel throughout the pendency of this action. As the record is devoid of any evidence of the Defendants' wilful disregard or bad faith, I decline to find that Defendants' conduct is culpable. See Griffen v. Alpha Phi Alpha, Inc., et al., No. 06-1735, 2006 WL 3302438, at *4 (E.D. Pa. Nov. 9, 2006) ("though Psi Chapter's failure to respond to the Complaint suggests at best an inappropriate casualness as to its obligations, it does not sink so low as to warrant the extreme action of refusal to vacate the default judgment") (internal quotations omitted).

Finally, I consider the effectiveness of alternative sanctions. Some courts have, after vacating the entry of default, imposed monetary sanctions as a "wake-up call" to the defaulting party and "to compensate plaintiffs' counsel for the time and expense they wasted." Foy v. Dicks, 146 F.R.D. 113, 117-18 (E.D. Pa. 1993). See also Griffen, 2006 WL 3302438, at *4 ("the Court will impose a monetary sanction against Psi Chapter rather than refuse to set aside the default"). Thus, although I will deny Plaintiff's Motion for Default Judgment and grant

3

Defendants' Motion to Vacate Default, I will impose Plaintiff's costs associated with the default proceedings and responding to Defendants' Motion to Vacate Default on Defendants.

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:      Copies **MAILED** on _____ to:

O:\ABB 2010\A - K\Idearc v. Aalegher default explanation.wpd

4